# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**WILFREDO RODRIGUEZ,**

    Plaintiff,

v.                                                            **CIVIL ACTION NO. 5:12-CV-24**
                                                                      **(BAILEY)**

**MATTHEW W. MELLADY, Deputy Regional Counsel,**
**Mid-Atlantic Regional Office; C. EICHENLAUB,**
**Regional Director, Mid-Atlantic Region; TERRY**
**O'BRIEN, Warden, U.S.P. Hazelton; and DAVID**
**SWEENEY, Unit Manager, U.S.P. Hazelton,**

    Defendants.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

**I.    Introduction**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 65]. By Local Rule, this action was referred to Magistrate Judge Seibert for submission of a report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on December 11, 2012 [Doc. 65]. In that filing, the magistrate judge recommends that this Court grant the defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 56] and dismiss the plaintiff's ***Bivens*** action with prejudice.

**II.    Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

1

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within sixteen (16) days of receipt. The plaintiff's objections to the R&R are dated December 27, 2012 [Doc. 68] and are therefore timely.

### III. Factual and Procedural History

On February 21, 2012, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants pursuant to **Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics**, 403 U.S. 388 (1971) [Doc. 2]. In his Complaint, the plaintiff alleges that Defendants Matthew Mellady and Louis Eichenlaub, Bureau of Prisons (BOP) employees, failed to properly address the plaintiff's requests for administrative remedies and were biased against the plaintiff, which led to the plaintiff's wrongful confinement in Administrative Detention [Id. at 7–8]. The plaintiff also alleges that Defendant Terry O'Brien, the Warden at USP Hazelton, permitted the prison staff to ignore BOP policies and procedures [Id. at 8]. The plaintiff claims that USP Hazelton Unit Manager David Sweeney failed to address staff misconduct and violated BOP policy by attending the plaintiff's disciplinary hearing as a witness [Id. at 8–9]. Mr. Sweeney's attendance at the disciplinary hearing, according to the plaintiff, resulted in the plaintiff

2

receiving unwarranted sanctions [Id.]. The plaintiff further claims that staff at U.S.P. Hazelton falsified staff signatures on federal documents [Id. at 9]. The plaintiff seeks damages, claiming that the allegations resulted in "a great deal of turmoil and emotional distress" and his "health has deteriorated" and the "psychological damage is unreparable [sic]." [Id. at 9]. The plaintiff requests injunctive relief in the form of a court order directing USP Hazelton to follow BOP policy and punitive damages.

The defendants assert in their Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 56], that the plaintiff's claims fail for four reasons. First, the defendants claim that the court has no personal jurisdiction over Defendants Eichenlaub or Mellady. Second, the defendants claim that the plaintiff has failed to exhaust his administrative remedies. Third, the defendants contend that the plaintiff's constitutional claims fail to state a claim upon which relief can be granted. Finally, defendants claim that even if the plaintiff had sufficiently alleged a constitutional claim, the defendants are entitled to qualified immunity [Doc. 56].

In his R&R, the magistrate judge recommends dismissal of the plaintiff's Complaint with prejudice [Doc. 65]. In so recommending, the magistrate judge finds that the plaintiff failed to exhaust his administrative remedies [Id. at 8–15]. The magistrate judge recommends dismissal with prejudice because the plaintiff is now procedurally barred from raising his claims in the administrative remedy process and therefore dismissal without prejudice is inappropriate [Id. at 15].

**IV.   Analysis**

The plaintiff's objections can be summarized as follows: 1. The plaintiff claims that

3

he filed a motion for leave to supplement the civil action which was never received by this Court. The plaintiff attached the motion to his objections. 2. The plaintiff claims that he filed a motion in opposition to the defendants' motion to dismiss that was never received by this Court. He also attached the motion in opposition to his objections. 3. The plaintiff claims that he fully exhausted his administrative remedies. The Court will consider the plaintiff's motion to oppose defendants' motion to dismiss or for summary judgment and the motion for leave to supplement the civil action. Even considering the additional information, the Court is unpersuaded that the plaintiff is entitled to relief.

### A. Motion for Leave to Supplement

The plaintiff attaches as "Exhibit B" a Motion for Leave to Supplement Plaintiff's Civil Act under ***Bivens v. Six Unknown FBI Agents***, dated September 12, 2012 [Doc. 68-2]. In a letter directed to the Clerk of Court for the Northern District of West Virginia, the plaintiff included the certified mail receipt number from the U.S. Postal Service for the motion he claims to have filed in September, 2012 [Doc. 67]. A search on the U.S. Postal Service website for mail receipt number 70101870000313417667 shows that an item was delivered on September 17, 2012 in Wheeling, West Virginia. Although no motion was filed on or near that date on behalf of the plaintiff on the Case Management/Electronic Case Files system, out of an abundance of caution the Court will consider the petitioner's motion.

In the attached motion, the plaintiff seeks to add two additional claims to the action. First the plaintiff claims that at the time he was charged in the incident report, cell phones were not classified as "hazardous tools" in the B.O.P. regulations and therefore the plaintiff should have been charged with possession of contraband under code 331 instead of the

4

more serious charge of possession of a hazardous tool under code 108 [Id. at 2]. The plaintiff claims that the incorrect charge led to his redesignation into the Special Management Unit ("SMU") and was a violation of his due process rights and B.O.P. policy.

The absence of the term "cell phone" in the text of Code 108 did not prevent the BOP from interpreting that provision to include this item. ***United States v. Beason***, 2011 WL 399896 (N.D. W.Va. Jan. 21, 2011) report and recommendation adopted, 2011 WL 399839 (N.D. W.Va. Feb. 1, 2011) (quoting ***Reid v. Adams***, 2006 WL 1966997 (E.D.Va.2006)). At the time of Rodriguez's violation, the regulation at issue prohibited "Possession, manufacture, or introduction of a hazardous tool (Tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade)." 28 C.F.R. § 541.13 tbl.3 (2010) (effective July 1, 2010). The regulation has since been revised, *inter alia*, to specifically prohibit as hazardous tools "portable telephone, pager, or other electronic device." 28 C.F.R. § 541.3 (2011) (effective July 1, 2011). Although cell phones were not specifically included in the examples of hazardous tools, the Bureau of Prisons appears to have consistently viewed them as such and courts have agreed. See ***Hicks v. Yost***, 377 Fed. App'x 223, 224–25 (3d Cir. 2010); ***Eason v. Owen***, 2010 WL 3192932 (D.S.C. Apr. 30, 2010) report and recommendation adopted, 2010 WL 3192920 (D.S.C. Aug. 10, 2010)***; Carey v. Williams***, 2006 WL 2620351 (S.D. W.Va. Aug. 15, 2006). Therefore, the plaintiff's claim that he was improperly charged in the incident report with possession of a hazardous tool is DENIED.

The plaintiff's second claim is that his designation to SMU was done in retaliation for

5

the plaintiff filing Requests for Administrative Remedy.  He states that other inmates charged "with the same infractions or worse . . . were not referred to a SMU" which the plaintiff claims is a violation of his equal protection rights [Doc. 68-2 at 3].

In order to sustain a claim based on retaliation, the plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." **Cochran v. Morris**, 73 F.3d 1310, 1318 (4th Cir. 1996).  "[I]n forma pauperis plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked conclusory allegations of reprisal." **Adams v. Rice**, 40 F.3d 72, 75 (4th Cir. 1994).  A plaintiff has no constitutionally protected right to participate in grievance procedures.  *Id.*  Therefore, to the extent that the plaintiff alleges that he was retaliated against for the filing of administrative remedies, that claim should be dismissed.

As a result, the allegations in the plaintiff's Motion for Leave to Supplement [Doc. 68-2] are hereby DENIED.

### B. Motion to Oppose

Attached as "Exhibit A" to the plaintiff's objections to the R&R is a Motion to Oppose Defendants' Motion to Dismiss or for Summary Judgment, dated October 10, 2012 [Doc. 68-1].  The motion was not received by this Court until it was attached to the plaintiff's objections to the R&R.  The plaintiff claims he filed the motion with this Court in October, 2012.  The plaintiff's letter to the Clerk of Court included certified mail receipt number 70091410000111497447 from the U.S. Postal Service [Doc. 67].  According to the U.S. Postal Service website, an item bearing that receipt number was delivered on October 15,

2012 in Wheeling, West Virginia. Although the motion was not filed, the Court will consider the plaintiff's claims.

## 1. Exhaustion of Administrative Remedies

The plaintiff first claims that he exhausted his administrative remedies to the extent that they were available to him. The plaintiff alleges that in appealing his designation to the SMU program, his filings were rejected without a valid reason and in an attempt "to discourage/or to delay plaintiff from pursuing a civil action" against the defendants [Doc. 68-1 at 3]. The plaintiff cites examples of what he claims were invalid reasons for rejection, "(1) That the continuation pages to the administrative remedy exeeded [sic] the allotted number of pages allowed and (2) That all pages of the administrative remedy must be legible" [Id.]. The plaintiff claims that these are not valid bases for rejection because "there's nothing in the BOP's policies" regarding the maximum number of continuation pages an inmate may attach to his administrative remedy request [Id.].

The Supreme Court determined that exhaustion of all available remedies requirement is mandatory and requires a plaintiff to strictly comply with "all the time and procedural requirements of the prison grievance system." ***Woodford v. Ngo***, 548 U.S. 81, 93–94 (2006) (internal citations omitted). An inmate may procedurally default his claim by failing to follow the proper procedures. *Id.* Petitioners may overcome procedural defaults if they can show that "the procedural rule is not firmly established and regularly followed, if they can demonstrate cause and prejudice to overcome a procedural default, or if enforcing the procedural default rule would result in a miscarriage of justice." *Id.* at 104 (Breyer, J., concurring). In this case, the plaintiff failed to exhaust his administrative

7

remedies and is unable to overcome the procedural default.

The three-level administrative remedy process for informal resolution procedures begins with a Request for Administrative Remedy at the institution in which the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. The plaintiff failed to properly seek administrative remedy prior to filing a complaint with this Court.

Even assuming, *arguendo*, that the plaintiff was unaware of the number of continuation pages permitted or the legibility requirement in seeking administrative remedy, the plaintiff was given several opportunities to correct filings that exceeded the allotted number of continuation pages but did not do so. The magistrate judge's R&R addresses each of the administrative remedies filed by the plaintiff.

Administrative Remedy ID #641030 was denied on the merits at the institutional level and the Regional Office level. The plaintiff appealed the rejections, but the Office of General Counsel rejected the submission twice. First for exceeding the allotted number of continuation pages, and upon resubmission because not all pages were legible. Each time the appeal was rejected for procedural issues, the plaintiff was given an opportunity to resubmit the appeal in proper form. The plaintiff failed to correct the errors within a timely manner, and therefore failed to properly exhaust his administrative remedies with respect to ID #641030.

The plaintiff also filed Remedy ID #642555 which was rejected at the institutional level on its merits. The appeal to the regional office was rejected as untimely and the plaintiff was given multiple opportunities to resubmit his appeal. The plaintiff's resubmission was again denied as untimely. The plaintiff was given an additional opportunity to resubmit his appeal but failed to do so. The plaintiff also never appealed to the Central Office. As a result, the plaintiff failed to properly exhaust his administrative remedies with respect to ID #642555.

The third request filed by the plaintiff was Remedy ID #649473. The request was denied on the merits at the institutional level and then rejected at the Regional Office Level as untimely and for exceeding the allotted number of continuation pages. The plaintiff was again given multiple opportunities to resubmit his appeal. Each time the submission was rejected as untimely and/or for exceeding the allotted number of continuation pages. The plaintiff never properly resubmitted his appeal and never appealed to the Central Office. Therefore, the plaintiff failed to properly exhaust him administrative remedies with respect to ID #649473.

Each time that a remedy request or appeal of a remedy request was denied on procedural grounds, the plaintiff was given an opportunity to resubmit the request or appeal in proper form. The plaintiff failed to do so within a timely manner, leading to the rejection of Administrative Remedy ID #641030, #642555, and #649473 [Doc. 65 at 9–15]. Therefore, the plaintiff failed to exhaust his administrative remedies and his request for relief must be denied.

9

### 2. Failure to State a Claim Upon Which Relief Can be Granted, Qualified Immunity of Defendants and Personal Jurisdiction

The plaintiff next disputes the defendants' claim that the plaintiff's action should be dismissed for failure to state a claim upon which relief can be granted. The plaintiff claims that the defendants violated his Fifth Amendment due process rights, Eighth Amendment protection against cruel and unusual punishment, and Fourteenth Amendment right to equal protection. The plaintiff's next disputes the defendants' claim that the defendants are entitled to qualified immunity from damage suits. The plaintiff claims that qualified immunity does not apply in this case because the defendants were directly involved in the violations of the plaintiff's constitutional rights, were aware of the violations, acted in bad faith, and permitted BOP staff to ignore inmate complaints and violate BOP policies. Finally, the plaintiff disputes the defendants' contention that this Court does not have personal jurisdiction over defendants Mellady and Eichenlaub, stating that jurisdiction exists because they were personally involved through their position in the BOP and took part in the "infringement of plaintiff's constitutional rights" [Doc. 68-1 at 15].

The magistrate judge's R&R recommends dismissal based upon the plaintiff's failure to exhaust his administrative remedies. This Court agrees with the R&R that the plaintiff's claims must be denied based on his failure to exhaust administrative remedies and therefore the defendants' claims regarding failure to state a claim, qualified immunity, and personal jurisdiction need not be addressed.

### C. Objections to Report and Recommendation

The plaintiff's objections to the magistrate judge's R&R reiterates his claims that he exhausted his administrative remedies. As discussed above, this Court is unpersuaded by

the plaintiff's claims. Accordingly, because the plaintiff did not fully comply with exhaustion requirements, his *Bivens* claim must be dismissed.

## V. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Opinion/Report and Recommendation **[Doc. 65]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, this Court hereby **GRANTS** the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment **[Doc. 56]**. Additionally, the plaintiff's Objections to the magistrate judge's R&R **[Doc. 68]** are **OVERRULED**. Accordingly, the plaintiff's Complaint **[Doc. 2]** is hereby **DISMISSED WITH PREJUDICE**, and this matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk of Court is **DIRECTED** to enter a separate judgment order for the defendants.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** April 10, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE